UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MICHAEL P. ALARCON, *pro se*,

       Plaintiff,

  **SUMMARY ORDER**
- against -
  09-CV-1740 (DLI)(LB)

CSEA LOCAL 1000.830,

       Defendant.
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

 *Pro se* Plaintiff Michael P. Alarcon brings this action against Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, sued hereunder as CSEA Local 1000.830 ("CSEA"), for violations of Title VII, ADEA, and ADA. Defendant moves to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1]

 Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion, the Court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

---

[1] In reviewing a *pro se*'s complaint, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Plaintiff's complaint fails to state a claim for violations of Title VII, ADEA, or ADA. A labor union may be held jointly liable with an employer under federal antidiscrimination laws for discriminating against a member, knowingly acquiescing in the employer's discrimination, or inducing the employer to discriminate. *See 14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456, 1473 (2009) (citation omitted). Plaintiff has provided little factual background to support his allegations of discrimination, and the information that is provided is indecipherable. For example, the complaint states, "Nassau County Dpt. of Park Recreation Museums. Never Had Union Shop Stewards. On Parks Violated Seniority Anti-Discrimination Program. Out of title work. Grievance Health and Safety All Violations Covers by AFL-CIO." (Compl. ¶ 8.) In a letter addressed to the court and attached to the Complaint, plaintiff describes the procedural history of his complaints against the union, and refers to various allegations, including being assigned to inappropriate work and not receiving compensation for work he has done. He also makes the conclusory statement that the delays in "settling this matter" and his physical disability "lead[] me to believe that I am being discriminated against because of Hispanic origin." (Compl. at 6.) However, plaintiff has not alleged any facts in support of these conclusory allegations.

While the instant complaint fails to set forth a cause of action, and could be dismissed at this juncture, in an abundance of caution, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, by October 28, 2010, to file an amended complaint. Should plaintiff elect to file an amended complaint, plaintiff is directed to comply with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. For the convenience of plaintiff, and in light of his

*pro se* status, instructions on how to amend a complaint are attached to this Order. If plaintiff fails to amend his complaint by October 28, 2010, as directed by this Order, and/or the amended complaint fails to correct the deficiencies of the instant complaint, the complaint will be dismissed. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 28, 2010

/s/
DORA L. IRIZARRY
United States District Judge

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF NEW YORK
PRO SE OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

# HOW TO AMEND YOUR COMPLAINT

If you have forgotten to state an important matter in your complaint, you discover something new after you filed your complaint, you want to add a defendant, or you want to insert the true name of a "John Doe" defendant, you may be able to file an amended complaint. An amended complaint does not just add to the first complaint. Once you file an amended complaint it entirely replaces your original complaint.

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) provides that:

> A party may amend the party's pleading **once** as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

This means that if the defendant has not yet filed an answer to your complaint, you can file one amended complaint without permission of the Court. If the defendant has filed a motion to dismiss but has not filed an answer, you are still entitled to file one amended complaint without permission. (You are only permitted to file <u>one</u> amended complaint before defendant files an answer; if you wish to file a second amended complaint before defendant files an answer, you must obtain defendant's consent or you must obtain permission from the Court). However, if the defendant has already filed his <u>answer</u> to your complaint, you must get <u>written</u> consent from the defendant or permission of the Court before amending your complaint. If the defendant agrees in writing that you can file an amended complaint, you must ask the judge to write "So Ordered" on the written consent, indicating that the judge has approved the consent. If the defendant does not give you written consent, you can ask permission from the Court by filing a motion to amend the complaint and including a copy of the proposed amended complaint with your motion papers. Instructions for preparing a motion are attached and are available separately.

If you file an amended complaint. It **must** be captioned as an "**Amended Complaint.**"

# FILING AND SERVING THE AMENDED COMPLAINT

## SERVICE OF THE AMENDED COMPLAINT BEFORE THE ORIGINAL COMPLAINT HAS BEEN SERVED

If you decide to amend your complaint before defendant has been served with your original complaint and summons, you should serve the amended complaint on defendant and file the original amended complaint with the Pro Se Office as follows:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. File the original of your amended complaint with the Pro Se Office.

4. If you have not added new defendants in your amended complaint, use the summons that was originally issued by the Court.

5. Have a copy of the summons and a copy of the amended complaint served on each defendant by someone who is over eighteen and is not a party to the action. The original summons with the seal of the court embossed on it must be returned to the Court, so do not serve the original summons on any defendant.

6. Have the person who serves the summons and amended complaint on each defendant complete an affidavit or affirmation of service of process form.

7. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

8. Attach the original affidavit or affirmation of service to the original summons.

9. File the original summons and the affidavit or affirmation of service of process with the Pro Se Office.

## SERVICE OF THE AMENDED COMPLAINT AFTER THE ORIGINAL COMPLAINT HAS BEEN SERVED ON ALL DEFENDANTS

If you decide to amend your complaint after the defendant has been properly served with your original complaint and summons (and you have not added any new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint to the attorney for each defendant by ordinary first-class mail.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and your original affidavit or affirmation of service of process with the Pro Se Office.

### DELIVERY OF THE AMENDED COMPLAINT <u>AFTER</u> THE ORIGINAL COMPLAINT HAS BEEN SERVED ON <u>SOME DEFENDANTS</u> <u>BUT NOT ON OTHERS</u>

If you decide to amend your complaint <u>after</u> some defendants have been served with your original complaint and summons but before other defendants have been served (or you have added new defendants in your amended complaint), you should take the following steps:

1. Make copies of your amended complaint.

2. Keep one copy for your own records.

3. Send a copy of your amended complaint by ordinary first-class mail to each defendant who has already been served.

4. Complete an affidavit or affirmation of service of process form stating that the amended complaint and summons was mailed to each defendant.

5. Make a copy of the affidavit or affirmation of service of process and keep it for your own records.

6. File the original amended complaint and original affidavit or affirmation of service of process with the Pro Se Office.

7. If you have not added new defendants in your amended complaint, you must serve the amended complaint on the defendant who has not yet been properly served. If you have added new defendants, the Court will issue an amended summons which must be served with the amended complaint. If you are adding defendants, you must bring this to the attention of the Pro Se Writ Clerk.

8. Have a <u>copy</u> of the amended summons and a <u>copy</u> of the amended complaint served pursuant to Rule 4 of the Federal Rules on any defendant who was not previously served with the original complaint.

9. Have the person who served the amended summons and the amended complaint to each of the new defendants complete an affidavit or affirmation of service of process form.

10. Make a copy of the affidavit or affirmation of service of process.

11. Attach the affidavit or affirmation of service of process to the amended summons.

12. File the original amended summons and the original affidavit or affirmation of service of process with the Pro Se Office.

If you have questions regarding any of the procedures listed above, please contact the Pro Se Office at 718-613-2665.

11/28/05

Tara D. Hunter-Hicks
and
Ralph Vega, Jr.
Pro Se Writ Clerks

<u>Attn</u>: Pro Se Office
United States District Court
for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

8:30AM - 5:00PM

(718) 613-2665